ELECTRONIC FRONTIER FOUNDATION

**Via ECF**

September 17, 2026

Honorable Judge J. Paul Oetken
Courtroom 706
United States District Court
Southern District of New York
Thurgood Marshall United States Court House
40 Foley Square
New York, NY 10007

**Re:** ***The Intercept Media, Inc, et al v. Trump, et al,*** **1:26-CV-06867-JPO**

Dear Judge Oetken,

The Electronic Frontier Foundation ("EFF") respectfully moves for leave to file the accompanying amicus curiae brief in support of Plaintiffs' Motion for a Preliminary Injunction. The parties have each consented to this filing.

Recognizing the internet's power as a tool of democratization, the Electronic Frontier Foundation (EFF) has, for over 35 years, worked on behalf of its more than 30,000 dues-paying members to protect the rights of users to transmit and receive information online. EFF has written extensively on the issues presented in this appeal[1] and has filed *amicus* briefs in similar cases in courts around the country, including before the U.S. Supreme Court in *O'Connor-Ratcliff v. Garnier* (No. 22-324) and *Lindke v. Freed* (No. 22-611), *see* 601 U.S. 187 (2024), as well as federal courts of appeals cases including *Knight First Amendment Institute at Columbia University v. Trump*, 928 F.3d 226 (2d Cir. 2019); *Robinson v. Hunt County*, 921 F.3d 440 (5th Cir. 2019), *Campbell v. Reisch*, 986 F.3d 822 (8th Cir. 2021), and *PETA v. Tabak*, 109 F.4th 627 (D.C. Cir. 2024), and has represented plaintiffs in social media blocking cases involving government accounts, including *PETA v. Young*, No. 4:18-cv-01547 (S.D. Tex. 2018), and *PETA v. Young*, No. 4:20-cv-02913 (S.D. Tex. 2020).

[1] See, e.g., David Greene & Karen Gullo, When Tweets Are Governmental Business, Officials Don't Get to Pick and Choose Who Gets to Receive, Comment On, and Reply to Them. That Goes for the President, Too, EFF Deeplinks (Nov. 30, 2017), https://www.eff.org/deeplinks/2017/11/when-officials-tweet-about-government-business-they-dont-get-pick-and-choose-who.

The proposed amicus brief will assist the court in understanding the widespread use by government officials and agencies across the country, at all levels of government, to conduct offical business through public social media. And the brief will explain how that now well-established history of public social media posts supports the First Amendment right of access to the government's public statements at issue in this matter.

Respectfully submitted,

*<u>/s/ David Greene</u>*
David Greene
Electronic Frontier Foundation
815 Eddy Street
San Francisco, CA. 94109
Tel.: (415) 436-9333
davidg@eff.org

*Counsel for Electronic Frontier Foundation*

cc: All counsel via ECF