ALTSHULER BERZON LLP
ATTORNEYS AT LAW
177 POST ST. SUITE 300
SAN FRANCISCO, CA 94108
(415) 421-7151
350 W. COLORADO BLVD. SUITE 420
PASADENA, CA 91105
(323) 963-8693
FAX (415) 362-8064
WWW.ALTSHULERBERZON.COM

ANITA T. ALEM
JAMES BALTZER
JACQLYN BLATTEIS
HAMILTON CANDEE
MAX CARTER-OBERSTONE
EVE H. CERVANTEZ
CONNIE K. CHAN
BARBARA J. CHISHOLM
LISA DEMIDOVICH
ELIZABETH ESHLEMAN
JAMES M. FINBERG
EILEEN B. GOLDSMITH
CORINNE JOHNSON
SCOTT A. KRONLAND
JONAH J. LALAS
JUHYUNG HAROLD LEE
DANIELLE E. LEONARD
JESSICA LEVY
STACEY M. LEYTON
MARISA C. LOWE
AMANDA C. LYNCH
MATTHEW J. MURRAY
ZOE PALITZ
JONATHAN ROSENTHAL
MICHAEL RUBIN
TALIA STENDER
ROBIN S. THOLIN
EMANUEL A. WADDELL
ALICE X. WANG

FRED H. ALTSHULER (1943-2024)
FOUNDING PARTNER

STEPHEN P. BERZON
FOUNDING PARTNER
PARTNER EMERITUS
SPECIAL COUNSEL

PETER D. NUSSBAUM
JEFFREY B. DEMAIN
DANIEL T. PURTELL
PARTNERS EMERITUS

ALEXANDER PECHT
FELLOW

October 12, 2026

*Via ECF*

The Honorable J. Paul Oetken
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re: *The Intercept Media, Inc. et al. v. Trump et al.*, No. 26-cv-06867-JPO

Dear Judge Oetken:

Plaintiffs oppose Defendants' request for an indefinite stay of their responsive pleading deadline pending resolution of Plaintiffs' motion for a preliminary injunction. ECF 73. Plaintiffs respectfully request that the Court decline to enter Defendants' proposed stay and direct them to respond to Plaintiffs' complaint by the operative deadline of October 16, 2026. While Plaintiffs have previously accommodated Defendants by agreeing to a short, defined extension when Defendants provided a reasonable justification for the requested extension, ECF 41, here, Defendants provide no such justification for their proposed stay. Granting a stay of proceedings would harm Plaintiffs' and the public interest by delaying the expeditious litigation of this action.

Pursuant to Federal Rule of Civil Procedure 12(a), Defendants have 60 days from service to prepare and file their answer to the complaint. Having been served on August 17, 2026, ECF 53 at 2, Defendants' answer is due October 16, 2026.

Defendants have not established "a clear case of hardship or inequity" to support an indefinite stay of the responsive pleading deadline. *Landis v. North American Co.*, 299 U.S. 248,

255 (1936). Defendants offer no basis for their proposed stay beyond a desire to see how this Court rules on the preliminary injunction because that will "inform the [Defendants'] defenses." ECF 73. That is not a legitimate ground on which to grant a stay of the responsive pleading deadline. The Court's order on the pending motion for preliminary injunction should not alter the government's defenses. *See Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981) (emphasizing the "limited purpose" of preliminary injunctions "merely to preserve the relative positions of the parties until a trial on the merits can be held" and "are not binding . . . on the merits").

Courts have rejected similar recent, unsupported arguments from the Department of Justice that a plaintiff's filing of a motion for a preliminary injunction excused a defendant "from needing to file a response to the Complaint." *Phang v. Blanche*, 2026 WL 2740407, at *3 (D.D.C. Sept. 16, 2026) (rejecting stay request and stating that DOJ "provided no support" for the contention that "requiring responsive pleadings before resolution of the preliminary relief motions would serve no purpose, given that the scope of any Answer may well be shaped by the Court's ruling").

Significantly, granting an indefinite stay while the preliminary injunction motion is pending would risk delaying resolution of this case. While Defendants could simply have requested a short, time-limited extension of their responsive pleading deadline, their motion to stay instead seeks to delay the filing of the responsive pleading indefinitely, without setting any further case management deadlines. There is no reason for the proposed delay and the Court should set a case management conference and allow the parties to initiate discovery, as permitted by Rules 16 and 26.

Plaintiffs and the public have a strong interest in proceeding expeditiously with this litigation, including promptly beginning discovery. That interest far outweighs any burden to Defendants in requiring them to comply with the standard rules of civil procedure by filing a timely, responsive pleading to the complaint.

Sincerely,

*<u>/s/ Barbara J. Chisholm</u>*

ALTSHULER BERZON LLP
Scott A. Kronland
Barbara J. Chisholm
Matthew J. Murray
Marisa C. Lowe

CITIZENS FOR RESPONSIBILITY AND
ETHICS IN WASHINGTON
Nikhel S. Sus

Jonathan E. Maier
Stuart C. McPhail

MEDIA FREEDOM & INFORMATION ACCESS CLINIC
YALE LAW SCHOOL[1]
John Langford
Stacy Livingston
David A. Schulz

PUBLIC INTEGRITY PROJECT FUND
Brendan Ballou
Andrea Dobson-Forsee

*Counsel for Plaintiffs*

cc: All counsel of record *via ECF*

---

[1] The views expressed herein do not purport to represent the institutional views of Yale Law School, if it has any.