October 29, 2026

*Via ECF*

The Honorable J. Paul Oetken
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re: *The Intercept Media, Inc. et al. v. Trump et al.*, No. 26-cv-06867-JPO

Dear Judge Oetken:

Plaintiffs respectfully request that this Court take judicial notice of the news article attached as Exhibit 1. Exhibit 1 is a true and correct copy of an article written by Anirban Sen and Edmund Lee entitled "Bloomberg, Trading Firms to Pay for Faster Truth Social Access, Sources Say," published by *Reuters* on October 28, 2026, available at and downloaded from https://www.reuters.com/business/finance/bloomberg-two-trading-firms-agree-pay-trumps-truth-social-faster-access-2026-10-29/. This article reports that *Bloomberg* has subscribed to the Truth API.

Under Federal Rule of Evidence 201, "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). A district court may take judicial notice of the fact that press coverage contains certain information, without regard to the truth of the contents. *See Fernandez v. UBS AG*, 222 F. Supp. 3d 358, 380 (S.D.N.Y. 2016) (citing *Staehr v. Hartford Fin. Servs. Grp., Inc.*, 547 F.3d 406, 425 (2d Cir. 2008)). The Court "*must* take judicial notice 'if a party requests it and the court is supplied with the necessary information.'" *Effie Film v. Pomerance*, 909 F. Supp. 273, 298 (S.D.N.Y. 2012) (quoting Fed. R. Evid. 201(c)(2) (emphasis in original)). Courts may consider hearsay in ruling on preliminary injunctions. *See Mullins v. City of New York*, 626 F.3d 47, 52 (2d Cir. 2010).

News reported by *Reuters* is generally known. This breaking news story, published yesterday, addresses a factual issue raised by the Court at oral argument. At oral argument, the Court asked whether any subscribers to the API are "non-high frequency trading entities, such as media companies." Transcript of Oral Argument at 31:18-20 (Oct. 7, 2026). While Plaintiffs explained at the hearing that Trump Media was marketing to media organizations, Oral Argument Tr. 23:1-6; *see also* ECF 36-1 at 5; ECF 36-22 at 4, the *Reuters* article is the first to name subscribing organizations, including *Bloomberg*.

For the reasons set forth above, Plaintiffs respectfully request that this Court take judicial notice of the article entitled "Bloomberg, Trading Firms to Pay for Faster Truth Social Access, Sources Say," attached hereto as Exhibit 1.

Sincerely,

*/s/ Andrea Dobson-Forsee*

ALTSHULER BERZON LLP
Scott A. Kronland
Barbara J. Chisholm
Matthew J. Murray
Marisa C. Lowe

CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON
Nikhel S. Sus
Jonathan E. Maier
Stuart C. McPhail

MEDIA FREEDOM & INFORMATION ACCESS CLINIC
YALE LAW SCHOOL[1]
John Langford
Stacy Livingston
David A. Schulz

PUBLIC INTEGRITY PROJECT FUND
Brendan Ballou
Andrea Dobson-Forsee

*Counsel for Plaintiffs*

cc: All counsel of record *via ECF*

[1] The views expressed herein do not purport to represent the institutional views of Yale Law School, if it has any.