**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| THE INTERCEPT MEDIA, INC., *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States, *et al.*,<br><br>Defendants. | No. 26-cv-6867-JPO |

**<u>DEFENDANTS' RESPONSE TO PLAINTIFFS' LETTER MOTION AND MOTION TO DELAY ISSUANCE OF SCHEDULING ORDER OR, IN THE ALTERNATIVE, STAY DISCOVERY</u>**

Defendants Donald J. Trump in his official as President of the United States, Natalie Harp in her official capacity as Executive Assistant, Daniel Scavino in his official capacity as White House Deputy Chief of Staff and Director of the White House Personnel Office, the Executive Office of the President, and the White House Office (Defendants) submit this Response to Plaintiffs' October 28, 2026 Letter Motion, ECF No. 83, and Motion to Delay Issuance of the Scheduling Order or, in the Alternative, Stay Discovery pending disposition of their motion to dismiss.

**BACKGROUND**

On August 12, 2026, Plaintiffs filed a complaint, seeking a declaration that "Defendants' practice of posting official government information exclusively on Truth Social, which maintains a paid API for such official government information, is unconstitutional and unlawful" and an injunction preventing "Defendants, their agents, and anyone acting in concert or participation with Defendants from posting, or allowing to be posted, official government information

exclusively on Truth Social, which maintains a paid API for such official government information." *See* Compl. at 29, ECF No. 1.

On October 27, 2026, counsel for Plaintiffs contacted counsel for Defendants to meet and confer regarding a discovery plan. In response, counsel for Defendants stated that Defendants intended to file a case-dispositive motion to dismiss such that discussions regarding discovery would be premature. The next day, Plaintiffs filed a letter motion, requesting "that the Court set an initial case management conference pursuant to Federal Rule of Civil Procedure 16(b) and direct Defendants to meet and confer pursuant to Rule 26(f)(1)." Letter Mot. at 1, ECF No. 83.

On October 30, 2026, Defendants filed a motion to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), arguing that Plaintiffs fail to clearly allege standing under Article III and that all claims fail as a matter of law. *See* Mot. to Dism., ECF No. 85. Defendants' motion requests dismissal of the complaint in its entirety. *See id.*

## ARGUMENT

### I. Good Cause Exists to Delay Issuance of a Scheduling Order.

Under Federal Rule of Civil Procedure 26(f) "[e]xcept in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B) or when the court orders otherwise, the parties must confer as soon as practicable—and in any event at least 21 days before a scheduling conference is to be held or a scheduling order is due under Rule 16(b)." Fed. R. Civ. P. 26(f). Under Rule 16(b), "[t]he judge must issue the scheduling order as soon as practicable, but unless the judge finds good cause for delay, the judge must issue it within the earlier of 90 days after any defendant has been served with the complaint or 60 days after any defendant has appeared." Fed. R. Civ. P. 16(b)(2).

"Courts in this Circuit have held that a pending dispositive motion is good cause to delay issuance of a scheduling order." *Sullivan v. Seneca Cnty., New York*, No. 6:25-CV-06483 MAV CDH, 2026 WL 2096859, at *3 (W.D.N.Y. July 21, 2026); *see e.g.*, *Roldan v. Bronx Pro Realty*, No. 1:25-CV-05943 (DEH) (SDA), 2026 WL 1047701, at *2 (S.D.N.Y. Apr. 18, 2026) ("Plaintiff's motions to compel are denied without prejudice as premature. Given Defendants' pending motion to dismiss and Plaintiff's pending motion to amend, the Court has not yet scheduled a Rule 16(b) conference or issued a scheduling Order."); *Adams v. Credit Acceptance Corp.*, No. 25-CV-410JLS(SR), 2025 WL 1953268, at *3 (W.D.N.Y. July 16, 2025) ("In light of the pending motions to dismiss, which may completely dispose of the case against certain defendants or otherwise narrow the issues in dispute, the Court finds good cause to delay issuance of a scheduling order."); *Israel v. O'Malley*, No. 24-CV-86-LJV, 2024 WL 5040722, at *1 (W.D.N.Y. Dec. 9, 2024) ("Given the pending motion to dismiss, which may completely dispose of the case or narrow the issues in dispute, the Court concludes that such good cause exists. Accordingly, a scheduling order in this case is not necessary prior to a ruling on the defendants' motion to dismiss.").

Here, the Court has not yet issued a scheduling order, and it should not do so while Defendants' motion to dismiss is pending. Indeed, it would be impractical for the Court to "craft[] a scheduling order where the scope of the claims and defenses has not yet been defined." *Sullivan*, 2026 WL 2096859, at *3. By extension, it is not feasible for the parties to craft a discovery plan given Defendants' position that all claims fail. *Id.* at *4 ("Until the motion to dismiss is resolved, the actual claims and defenses at issue will be unclear [and] delaying discovery until the claims and defenses in the case are better defined reduces expenses,

minimizes the burden of unnecessary discovery, and conserves judicial resources." (citation modified)).

Accordingly, Defendants request that the Court delay issuance of a scheduling order pending the resolution of Defendants' motion to dismiss.

## II. In the Alternative, Discovery Should Be Stayed.

A district court may, in its discretion, stay discovery for "good cause." Fed. R. Civ. P. 26(c). To determine whether good cause exists, courts "must look to the particular circumstances and posture of each case," *Alford v. City of New York*, No. 11-CV-622 (ERK) (MDG), 2012 WL 947498, at *1 (E.D.N.Y. Mar. 20, 2012) (citation omitted), including "(1) whether a defendant has made a strong showing that the plaintiff's claim is unmeritorious, (2) the breadth of discovery and the burden of responding to it, and (3) the risk of unfair prejudice to the party opposing the stay," *Alapaha View Ltd. v. Prodigy Network, LLC*, No. 20-CV-7572 (VSB), 2021 WL 1893316, at *2 (S.D.N.Y. May 10, 2021). "These three factors are nonexclusive, and ultimately the overarching consideration of the circumstances in their totality governs." *OV Loop, Inc. v. Mastercard Inc.*, No. 23-CV-1773 (CS), 2023 WL 7905690, at *2 (S.D.N.Y. Nov. 16, 2023). To the extent the Court declines to delay issuance of the scheduling order such that discovery is opened, the Court should stay discovery while Defendants' motion to dismiss is pending.

### 1. Defendants Have Asserted Meritorious Arguments for Dismissal.

Staying discovery is appropriate because Defendants have raised numerous well-founded jurisdictional and merits arguments that will likely result in dismissal of this case or, at a minimum, substantially narrow the scope of the issues. Specifically, at the threshold, Defendants argue that the Court lacks jurisdiction because Plaintiffs cannot establish redressability, that is the

Court may not issue a remedy regarding the President's official communications, and relief against the remaining Defendants would not prevent him from posting independently. *See* ECF No. 85-1 at 4-8. On the merits, Defendants argue that all claims fail because, among other things, Truth Social's conduct is not attributable to the government, and the First and Fifth Amendments guarantee no right to real-time access or a preferred means of receiving presidential communications. *See id.* at 8-27.

To be clear, the Court need not to be fully persuaded on the merits of the pending motion before granting a stay. Even if the Court "cannot predict the outcome of the pending motion to dismiss," *Integrated Sys. & Power, Inc. v. Honeywell Intern., Inc.*, No. 09 CV 5874 (RPP), 2009 WL 2777076, at *1 (S.D.N.Y. Sept. 1, 2009), a stay is appropriate as long as the Court finds that Defendants at least "appear to have substantial arguments for dismissal of many, if not all, of the claims asserted in this lawsuit," *Spencer Trask Software & Info. Services, LLC v. RPost Intern. Ltd.*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002). The rationale is intuitive: "[i]f defendants' dismissal motions prove meritorious, the burden of litigating the discovery issues will have been for nothing[.]" *Picture Patents, LLC v. Terra Holdings LLC*, No. 07 CIV. 5465 JGK/HBP, 2008 WL 5099947, at *3 (S.D.N.Y. Dec. 3, 2008); *see also Niv v. Hilton Hotels Corp.*, No. 06-cv-7839, 2007 WL 510113, at *2 (S.D.N.Y. Feb. 15, 2007) ("[I]f the motion is granted, this burden [of responding to the discovery requests] will likely have served little purpose.").

Accordingly, this factor weighs strongly in favor of granting the requested stay.

**2. Discovery Presents a Burden on Defendants.**

Plaintiffs assert various claims against White House officials, including the President. *See* Compl., ECF No. 1. Discovery is thus likely to implicate "[s]pecial considerations [that] control when the Executive's interests in maintaining its autonomy and safeguarding its

communications' confidentiality are implicated." *Cheney v. U.S. Dist. Court for D.C.*, 542 U.S. 367, 370 (2004); *see U.S. Doge Serv. v. Citizens for Responsibility & Ethics in Washington*, 145 S. Ct. 1981 (2025) (staying district court's discovery order, invoking *Cheney*, and explaining that "separation of powers concerns counsel judicial deference and restraint in the context of discovery regarding internal Executive Branch communications"). In these circumstances and given the case dispositive issues subject to ongoing briefing, the Court should not allow discovery to proceed before resolving Defendants' motion to dismiss.

For example, in *In re United States*, 583 U.S. 29 (2017) (per curiam), the Supreme Court was confronted with a lower court order requiring the Government to disclose numerous documents in an APA case, entered prior to the lower court's resolution of the Government's threshold APA and jurisdictional dismissal arguments. The Supreme Court held that the district court should have "first resolved the Government's threshold arguments" before ordering disclosure, because "those [threshold] arguments, if accepted, likely would eliminate the need for" such disclosure. *In re United States*, 583 U.S. at 31- 32. That holding is directly applicable here: this Court should not allow discovery to proceed before resolving Defendants' threshold arguments, any of which, if accepted, would eliminate the need for discovery. *See id*.

Allowing such discovery to proceed before resolution of the motion dismiss would encourage "abusive discovery and . . . waste the resources of the litigants in the action before the court, delay resolution of disputes between other litigants, squander scarce judicial resources, and damage the integrity and the public's perception of the federal judicial system." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1368 (11th Cir. 1997). There is no reason that the parties and this Court should become mired in disputes over the scope and extent of discovery, motions to compel, and the terms and scope of protective order—all of which are likely to happen if a

stay of discovery does not issue. *See Short v. City of Rochester*, 747 F. Supp. 3d 594, 599 (W.D.N.Y. 2024) ("[A] peek at the motion indicates that, at the very least, it may shape the number and nature of the claims going forward in a manner that could significantly impact the breadth of discovery." (citation modified)); *Cohen v. Saraya USA, Inc.*, No. 23-CV-8079 (NJC) (JMW), 2024 WL 198405, at *3 (E.D.N.Y. Jan. 18, 2024) (granting a motion to stay discovery and noting that "this case is still in its early stages—a discovery schedule has not been set, discovery has not occurred, and depositions have not been taken").

**3. Plaintiffs Are Not Prejudiced by a Stay.**

Plaintiffs will not be prejudiced by a brief stay. Under the schedule contemplated by the Local Rules, the motion to dismiss will be fully briefed within one month. *See* Loc. Civ. R. 6.1. Assuming the Court decides the motion soon after that date, the stay would delay the start of discovery for a reasonably short period of time. The benefits to a limited stay of discovery in this matter until the Court rules on the motion to dismiss outweigh any theoretical harm claimed by Plaintiffs. *See Palladino v. JPMorgan Chase & Co.*, 345 F.R.D. 270, 275 (E.D.N.Y. 2024), *aff'd*, 730 F. Supp. 3d 4 (E.D.N.Y. 2024) ("[G]iven the timetable for Defendants' anticipated motion, Plaintiffs have not established that any delay in discovery would prejudice Plaintiffs in any way."); *Armory5, Inc. v. Logan*, No. 6:24-CV-06568 MAV CDH, 2025 WL 3290679, at *5 (W.D.N.Y. Nov. 26, 2025) ("[S]ome prejudice to the plaintiff is inherent in any delay but delay alone is insufficient to prevent a stay." (citation modified)).

Moreover, "[a] stay of discovery pending the determination of a dispositive motion is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." 8 Charles Alan Wright & Richard L. Marcus, Federal Practice & Procedure § 2040, at 521 (2d ed. 1994)). Defendants would assert jurisdictional

objections to all of Plaintiffs' discovery requests.. Those discovery objections would require that the Court address the same jurisdictional issues pending in the motion to dismiss. Proceeding down such an inefficient path would be a wasteful enterprise that would undermine party and judicial economy. *See Sullivan*, 2026 WL 2096859, at *4.

**CONCLUSION**

For these reasons, Defendants respectfully request that the Court delay issuance of a scheduling order while Defendants' motion to dismiss is pending. In the alternative, Defendants request that the Court stay discovery a pending resolution of Defendants' motion to dismiss.

Dated: November 3, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

BRANTLEY T. MAYERS
Counsel to the Assistant Attorney General

NOAH T. KATZEN
Assistant Branch Director
Federal Programs Branch

*/s/ Heidy L. Gonzalez*
HEIDY L. GONZALEZ
*Trial Attorney*
U.S. Department of Justice,
Civil Division, Federal Programs
1100 L Street, N.W.
Washington, DC 20005
Tel: (202) 598-7409
Email: heidy.gonzalez@usdoj.gov
FL Bar No. 1025003

*Attorney for Defendants*