**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| THE INTERCEPT MEDIA, INC., *et al.*<br><br>*Plaintiffs*,<br><br>v.<br><br>DONALD J. TRUMP, *in his official capacity as President of the United States*, *et al.*,<br><br>*Defendants*. | Civil Action No. 1:26-cv-6867 |

# PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO STAY DISCOVERY


Scott A. Kronland
Barbara J. Chisholm
Matthew J. Murray
Marisa C. Lowe
ALTSHULER BERZON LLP
177 Post Street, Suite 300
San Francisco, California 94108
Tel. 415-421-7151
Fax. 415-362-8064
skronland@altber.com
bchisholm@altber.com
mmurray@altber.com
mlowe@altber.com

John Langford
Stacy Livingston
David A. Schulz
MEDIA FREEDOM & INFORMATION ACCESS CLINIC
YALE LAW SCHOOL
127 Wall Street
New Haven, CT 06511
Tel. (203) 432-2366
Fax (203) 432-3034
john.langford@ylsclinics.org

Nikhel S. Sus
Jonathan E. Maier
Stuart C. McPhail
CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON
P.O. Box 14596
Washington, DC 20044
(202) 408-5565
nsus@citizensforethics.org
jmaier@citizensforethics.org
smcphail@citizensforethics.org

Brendan Ballou
Andrea Dobson-Forsee
PUBLIC INTEGRITY PROJECT
1763 Columbia Rd. NW Ste. 175
Washington, DC 20009
(917) 684-3900
ballou@publicintegrityproject.org

*Counsel for Plaintiffs*

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO STAY DISCOVERY**

After Plaintiffs asked this Court to set an initial case management conference pursuant to Federal Rule of Civil Procedure 16(b), Dkt. 83, Defendants asked the Court to delay issuing such an order and to stay discovery, Dkt. 86. Neither of Defendants' proposals is appropriate. As discussed in Plaintiffs' letter, judicial efficiency and the interests of Plaintiffs—and the public—counsel moving forward with this case in the ordinary course by scheduling an initial case management conference and proceeding with discovery.

There is no basis to issue an order staying discovery now, given that the parties have not yet met and conferred, the Court has not held an initial case management conference, and no party has promulgated any discovery requests. There can be no finding that discovery should be stayed without knowing what discovery Plaintiffs contemplate. For example, a non-party, Trump Media and Technology Group ("Trump Media"), has inserted itself into this litigation by filing both an amicus brief supporting Defendants' opposition to Plaintiffs' pending motion for a preliminary injunction, and a declaration making factual assertions. Dkt. 61-1, 62-1. Plaintiffs should be permitted to promptly pursue discovery directed to Trump Media to explore and test those facts and others that both Trump Media and Defendants contend are relevant to Plaintiffs' claims and Defendants' defenses. Defendants' motion offers no reason to delay that third-party discovery.

Nor is there a sound basis for delaying an initial case management conference, so the parties can meet and confer regarding a case schedule and discovery can begin—including discovery directed to Trump Media. Defendants can raise their asserted concerns about discovery directed to the President or other Defendants, and the Court can evaluate those contentions, if and when Plaintiffs promulgate actual discovery requests. Defendants also mention that their motion to dismiss raises a jurisdictional argument, but for the reasons explained in Plaintiffs'

preliminary injunction briefing, that argument will not dispose of this case. Even if the Court could not issue injunctive relief directly against the President (which Plaintiffs dispute) the Court can issue injunctive relief against the other Defendants and a declaratory judgment.

## ARGUMENT

### I. There Is No Good Cause to Stay Discovery

Defendants seek to stay all discovery in this case, primarily on the argument that they have filed a motion to dismiss. Dkt. 86 at 3. However, a "motion to dismiss does not automatically stay discovery," and "discovery should not be routinely stayed simply on the basis that a motion to dismiss has been filed." *Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013); *see Choudhury v. NYC Health & Hosps. Corp.*, No. 25 CIV. 5240 (PAE), 2025 WL 2977837, at *5 (S.D.N.Y. Oct. 22, 2025) (denying wholesale stay of discovery while motion to dismiss was pending). Only when the party seeking the stay makes a showing of "good cause," may a Court stay discovery under Federal Rule of Civil Procedure 26(c). *Hertz Glob. Holdings, Inc. v. Nat. Union Fire Ins. Co. of Pittsburgh*, No. 19-CV-6957, 2020 WL 6642188, at *1 (S.D.N.Y. Nov. 12, 2020). Defendants have failed to show such good cause here.

Courts typically consider three factors in evaluating a request for a stay of discovery while a motion to dismiss is pending: "(1) whether a defendant has made a strong showing that the plaintiff's claim is unmeritorious, (2) the breadth of discovery and the burden of responding to it, and (3) the risk of unfair prejudice to the party opposing the stay." *Alapaha View Ltd. v. Prodigy Network, LLC*, No. 20-CV-7572, 2021 WL 1893316, at *2 (S.D.N.Y. May 10, 2021). "Even if a motion to dismiss appears to have substantial grounds, a stay of discovery pending the outcome of that motion is appropriately denied where, as here, the other factors disfavor a stay."

*Morgan Art Found. Ltd. v. McKenzie*, No. 18-CV-4438-ATBCM, 2020 WL 6135113, at *3 (S.D.N.Y. Oct. 18, 2020) (internal quotations omitted).

In this case, Defendants cannot demonstrate that discovery will be too broad and burdensome (the second factor), when they have refused to even meet and confer with Plaintiffs about the scope and staging of discovery. Moreover, discovery directed to Trump Media would not raise any of the concerns that Defendants posit about potential discovery directed to government defendants.

**A. Defendants' Motion to Dismiss Does not Undermine Plaintiffs' Meritorious Claims**

In evaluating the first factor (whether a motion to dismiss is likely to fully dispose of the case), "courts avoid 'prejudging the motion to dismiss'" "so that a motion for a stay does not become 'a vehicle for jumping the queue to receive a preliminary ruling on a motion to dismiss.'" *Choudhury v. NYC Health & Hosps. Corp.*, No. 25 CIV. 5240 (PAE), 2025 WL 2977837, at *2 (S.D.N.Y. Oct. 22, 2025) (quoting *Cambridge Cap. LLC v. Ruby Has LLC*, No. 20 Civ. 11118 (LJL), 2021 WL 2413320, at *2 (S.D.N.Y. June 10, 2021)). Courts look to whether a complaint is "facially without merit." *Bennett v. Cuomo*, No. 22 Civ. 7846, 2023 WL 2021560, at *2 (S.D.N.Y. Feb. 15, 2023). In support of the pending preliminary injunction motion, Plaintiffs have made a strong showing that their claims have merit. *See* Dkt. 36-1, 66; Transcript of Oral Argument (Oct. 7, 2026). As the preliminary injunction arguments demonstrate, Plaintiffs' well-pleaded complaint articulates First Amendment harms caused by Defendants' scheme enriching President Trump, and Defendants' counter-arguments are not persuasive, let

alone overwhelming. Plaintiffs' soon-to-be-filed opposition to Defendants' motion to dismiss will reinforce that point.[1]

Defendants argue that this Court should stay discovery because their motion makes a threshold "jurisdictional" argument, namely that Plaintiffs fail to establish redressability. Dkt. 86 at 4. But that jurisdictional argument is very unlikely to succeed. *See Golightly v. Uber Techs., Inc.*, No. 21-CV-3005 (LJL), 2021 WL 3539146 (S.D.N.Y. Aug. 11, 2021) (denying a discovery stay where defendant's motion to dismiss was not "self-evidently" meritorious). As explained in more detail in Plaintiffs' preliminary injunction briefing, and as Plaintiffs will explain further in their upcoming opposition to Defendant's motion to dismiss, this Court has authority to restrain the President's unconstitutional action, and even if it did not, Plaintiffs' harms are redressable by an injunction against the other Defendants. *See* Dkt. 36-1 at 27; *District of Columbia v. Trump*, 291 F. Supp. 3d 725, 750 (D. Md. 2018) (quoting *Clinton v. Jones*, 520 U.S. 681, 703 (1997), and citing *Franklin v. Massachusetts*, 505 U.S. 788, 803 (1992), and *Youngstown Sheet & Tube Co. v. Sawyer*, 343 U.S. 579, 584 (1952)), *vacated as moot*, *District of Columbia v. Trump*, 838 F. App'x 789 (4th Cir. 2021) (mem) (vacating due to Trump leaving office).

Defendants simply assert, without citation, that injunctive relief against the President's subordinates would not accomplish anything because the President knows how to post on Truth Social by himself and would continue exactly the same conduct. That is a factual assertion, not

---

[1] Plaintiffs have not yet filed their opposition to Defendants' motion to dismiss. The Court should not stay discovery before the motion to dismiss is even fully briefed. *See Republic of Turkey v. Christie's, Inc.*, 316 F. Supp. 3d 675, 678 (S.D.N.Y. 2018) ("The Court at present is unable to fully assess the strength of the pending motion, since it only recently was filed, and opposition papers are not yet due."); *Morales v. Next Stop 2006, Inc.*, No. 1:22-CV-03311 (JLR), 2022 WL 15523370 (S.D.N.Y. Oct. 27, 2022) (reasoning that it is "difficult at this juncture for the Court to conclude that Defendants have substantial arguments for dismissal" when the motions were not fully briefed).

one that could support a motion to dismiss. Moreover, the volume of posts on the President's Truth Social account (as many as 168 posts in a single day) makes the assertion farfetched. Defendants have come nowhere close to demonstrating that it is likely this case will be dismissed in its entirety on the basis of their novel redressability argument.

### B. The Breadth of Discovery is Reasonable

Defendants claim discovery will be burdensome because it will implicate special Executive interests. But neither Defendants nor the Court could fairly evaluate the potential reasonableness or burden of discovery because Plaintiffs have not attempted to promulgate any discovery yet—Defendants have refused to meet and confer with Plaintiffs even about a case schedule, let alone about the scope and staging of potential discovery. Moreover, Defendants say nothing at all about potential discovery directed to Trump Media. Trump Media filed a declaration in opposition to the preliminary injunction motion that makes factual assertions about the operation of the Truth API that are highly relevant to Plaintiffs' claims. Dkt. 62-1. Plaintiffs should at least be able to take discovery from Trump Media regarding those facts.

Defendants' cases are inapposite. None stayed all discovery before discovery was served, and none involved potential discovery directed at a non-party that had inserted itself into the case by filing a declaration making factual assertions relevant to the plaintiffs' claims. *See Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 390-92 (2004) (remanding for further consideration where the Court of Appeals had mistakenly assumed that the assertion of executive privilege is a necessary condition to the Government's separation-of-power objection); *U.S. Doge Serv. v. Citizens for Resp. & Ethics in Washington*, 145 S. Ct. 1981, 1982 (2025) (mem) (directing Court of Appeals on remand to "narrow" the discovery order at issue, not bar all discovery); *In re United States*, 583 U.S. 29, 30, 32 (2017) (per curiam) (addressing parties' dispute about the

completeness of the disclosed administrative record and remanding for the lower courts to "consider whether narrower amendments to the record are necessary and appropriate").

**C. Plaintiffs Will be Prejudiced by a Stay**

Defendants argue that a stay will not prejudice Plaintiffs. But there is no guarantee that a stay would be brief. Plaintiffs are entitled to discovery on Trump Media's factual assertions, as well as discovery regarding other facts that Defendants assert to support their defenses. Without discovery, the evidence Plaintiffs seek is vulnerable to being lost, forgotten, or destroyed. Allowing discovery to proceed protects against the prejudice resulting from spoliation of evidence. *See McSweeney v. Cohen*, No. 24-CV-1503 (LJL), 2024 WL 4108539, at *2 (S.D.N.Y. Sept. 5, 2024).

Moreover, even if a stay were relatively brief, Plaintiffs continue to be irreparably harmed by Defendants' conduct. *See* Dkt. 36-1, 66; *Elrod v. Burns*, 427 U.S. 347, 373 (1976) ("The loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury."); *accord Bery v. City of New York*, 97 F.3d 689, 693-94 (2d Cir. 1996). By continuing to exclusively post official government announcements on Truth Social subject to the Truth API, Defendants continue to provide preferential access to official government announcements to those who pay to increase President Trump's personal wealth. *See* Dkt. 85-1. At least one media organization has signed up for the Truth API, and more may follow. *See* Dkt. 84. Further delay will cause Plaintiffs further harm.

**II. There Is No Good Cause to Delay the Scheduling Conference**

In the interests of a speedy resolution of this case, Plaintiffs requested that this Court set an initial case management conference. Dkt. 83. Rule 26(f)(1) requires parties to "confer as soon as practicable—and in any event at least 21 days before a scheduling conference is to be held or

a scheduling order is due under Rule 16(b).” Under Rule 16(b)(2), a scheduling order is due 60 days after any defendant has appeared “unless the judge finds good cause for delay.” Here, the deadlines contemplated by the rules have already come and gone, and there is no “good cause” for delay.

Defendants’ primary argument for delaying the scheduling conference is that there is a pending motion to dismiss. Dkt. 86 at 3. But nothing prevents the Court from holding a scheduling conference and issuing a scheduling order while a motion to dismiss is pending. *See, e.g.*, *Lehrman v. Lovo, Inc.*, No. 1:24-cv-03770 (S.D.N.Y. 2024); *Yang v. Bank of New York Mellon Corp.*, No. 1:20-cv-03179 (S.D.N.Y. 2020). The federal rules contemplate that scheduling will move forward while such a motion is pending, and the onus is on Defendants to provide a compelling reason not to follow that default approach. Defendants cannot do so here, particularly where a third party has inserted itself into the case by filing a declaration opposing preliminary injunctive relief and Defendants offer no reason why Plaintiffs should not be permitted to pursue discovery from that third party to test its factual assertions.

The only case Defendants cite in support of their argument is inapplicable. *See Roldan v. Bronx Pro Realty*, No. 1:25-CV-05943 (DEH) (SDA), 2026 WL 1047701 (S.D.N.Y. Apr. 18, 2026). In that case, the Court denied as premature a motion to compel filed before a Rule 16(b) conference or scheduling order. *Id.* at *2. The pro se plaintiff had not sought to confer with Defendants as required by Rule 26(f), and it seems possible she filed the motion to compel discovery based on a misunderstanding of federal procedure. *Id.* Here, Plaintiffs have sought to meet and confer with Defendants and seek a scheduling conference and order so that they may appropriately begin discovery.

Defendants also contend it would be difficult for the court to "craft a scheduling order where the scope of the claims and defenses has not yet been defined." Dkt. 86 at 3 (quoting *Sullivan v. Seneca Cnty., New York*, No. 6:25-CV-06483 (MAV) (CDH), 2026 WL 2096859, at *3 (W.D.N.Y. July 21, 2026). But this argument makes no sense. Scheduling orders do not explore or define the scope of claims or defenses. They simply set a schedule for discovery and other case management deadlines and allow discovery to begin. Here, discovery that is relevant to Defendants' state action defense and discovery related to how the Truth API operates—and Trump Media's outreach to media companies to sign up as subscribers—will be applicable to most, if not all, the claims and defenses, regardless of how the Court rules on Defendants' motion to dismiss.

Finally, Defendants argue that their position that "all claims fail" makes it infeasible to craft a discovery plan. Dkt. 86 at 3. But Defendants' legal position in no way makes it infeasible or impracticable for this Court to issue a scheduling order setting deadlines. Every party that files a motion to dismiss could make the same argument.

**CONCLUSION**

Plaintiffs respectfully reiterate their request that the Court set an initial case management conference so the parties may then proceed with discovery. Defendants' motion to stay discovery before discovery has even begun should be denied.

Dated: November 10, 2026

Respectfully Submitted,

*/s/ Andrea Dobson-Forsee*

Scott A. Kronland
Barbara J. Chisholm
Matthew J. Murray
Marisa C. Lowe
ALTSHULER BERZON LLP
177 Post Street, Suite 300
San Francisco, California 94108
Tel. 415-421-7151
Fax. 415-362-8064
skronland@altber.com
bchisholm@altber.com
mmurray@altber.com
mlowe@altber.com

Nikhel S. Sus
Jonathan E. Maier
Stuart C. McPhail
CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON
P.O. Box 14596
Washington, DC 20044
(202) 408-5565
nsus@citizensforethics.org
jmaier@citizensforethics.org
smcphail@citizensforethics.org

John Langford
Stacy Livingston
David A. Schulz
MEDIA FREEDOM & INFORMATION ACCESS CLINIC
YALE LAW SCHOOL[2]
127 Wall Street
New Haven, CT 06511
Tel. (203) 432-2366
Fax (203) 432-3034
john.langford@ylsclinics.org

Brendan Ballou
Andrea Dobson-Forsee
PUBLIC INTEGRITY PROJECT FUND
1763 Columbia Rd. NW Ste. 175
Washington, DC 20009
(917) 684-3900
ballou@publicintegrityproject.org

*Counsel for Plaintiffs*

---

[2] The views expressed herein do not purport to represent the institutional views of Yale Law School, if it has any.