**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| THE INTERCEPT MEDIA, INC., *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States, *et al.*,<br><br>Defendants. | No. 26-cv-6867-JPO |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DELAY ISSUANCE OF SCHEDULING ORDER OR, IN THE ALTERNATIVE, STAY DISCOVERY**

Defendants Donald J. Trump in his official as President of the United States, Natalie Harp in her official capacity as Executive Assistant, Daniel Scavino in his official capacity as White House Deputy Chief of Staff and Director of the White House Personnel Office, the Executive Office of the President, and the White House Office (Defendants) submit this Reply in Support of their Motion to Delay Issuance of the Scheduling Order or, in the Alternative, Stay Discovery.

**ARGUMENT**

Discovery is presently unwarranted. Plaintiffs' response focuses on potential discovery requests to Trump Media and Technology Group (TMTG). But TMTG is neither a party nor, as Defendants' Motion to Dismiss explains, subject to the Constitution. *See* ECF No. 85-1. This lack of state action is case-dispositive. But it is not the only flaw in the Complaint. Indeed, Defendants' remaining jurisdictional and merits arguments decide the case or, at a minimum, present feasible bases to substantially narrow the claims. Any discovery—including discovery requests directed at third parties like TMTG—should therefore await resolution of the motion to

dismiss. Otherwise, both the parties and third parties risk unnecessarily expending resources, and this Court would be confronted with issues already raised in the Motion to Dismiss, such as Defendants' jurisdictional arguments, which they would raise in objections to all of Plaintiffs' discovery requests. And a stay would not harm Plaintiffs, who merely rely on boilerplate language available to all plaintiffs who oppose stay motions. Good cause therefore supports Defendants' requests to delay issuance of a scheduling order or, in the alternative, stay discovery.

*First*, there is no reason to issue a scheduling order at this juncture or to require the parties to confer on discovery. Plaintiffs maintain that they should be authorized to issue discovery to TMTG and Defendants, *see* ECF No. 87 at 8, but any such discovery would be inappropriate before the threshold legal issues are resolved, particularly where Defendants would assert the same jurisdictional objections in response to discovery requests. *Picture Patents, LLC v. Terra Holdings LLC*, No. 07 CIV. 5465 JGK/HBP, 2008 WL 5099947, at *3 (S.D.N.Y. Dec. 3, 2008) ("If defendants' dismissal motions prove meritorious, the burden of litigating the discovery issues will have been for nothing[.]"). Even Plaintiffs agree that a stay is warranted when a complaint is "facially without merit," ECF No. 87 at 4 (quotation omitted), and the briefing and argument up to this point demonstrates that Plaintiffs' complaint fits the bill. No further briefing is necessary. *Contra id.* at 5 n.1. It thus makes little sense for the Court to issue a scheduling order and set deadlines when Plaintiffs fail to adequately state a claim. Indeed, courts often find it prudent to adjudicate a potentially meritorious motion to dismiss before issuing a scheduling order or holding a Rule 16 conference. *See Mandala v. NTT Data, Inc.*, No. 6:18-CV-6591 MAV CDH, 2026 WL 111325, at *3 (W.D.N.Y. Jan. 15, 2026) ("Courts in this Circuit have held that a pending dispositive motion is good cause to delay issuance of a scheduling order."); *Oliver v. New York State Police*, No. 115CV0444BKSDJS, 2021 WL 10132103, at *3 (N.D.N.Y.

Jan. 26, 2021) ("In cases where a motion to dismiss is filed prior to the scheduling of a Rule 16 conference, this court will often adjourn the scheduling conference until the motion has been decided, especially where there is a possibility that the motion will dispose of the entire case."). This makes sense because discovery concerning meritless claims would be a waste of resources and nothing more. *See Main St. Legal Servs., Inc. v. Nat'l Sec. Council*, 811 F.3d 542, 567 (2d Cir. 2016) ("A plaintiff who has failed adequately to state a claim is not entitled to discovery.").

*Second*, in the alternative, discovery should be stayed. As Defendants have explained, a stay is appropriate if Defendants "appear to have substantial arguments for dismissal of many, if not all, of the claims asserted in this lawsuit." *Spencer Trask Software & Info. Services, LLC v. RPost Intern. Ltd.*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002). As the record makes manifest, Defendants' Motion to Dismiss presents meritorious jurisdictional and merits arguments as to all claims. Because the Court could dismiss all or some of Plaintiffs' claims, the claims that could potentially be subject to discovery have not been ascertained. *See Niv v. Hilton Hotels Corp.*, No. 06-cv-7839, 2007 WL 510113, at *2 (S.D.N.Y. Feb. 15, 2007) ("[I]f the motion is granted, this burden [of responding to the discovery requests] will likely have served little purpose."). Plaintiffs' rebuttal to this point—that they "have made a strong showing that their claims have merit," ECF No. 87 at 4—is incorrect and of no moment. The Court need not be persuaded by any of the arguments at this juncture, *Integrated Sys. & Power, Inc. v. Honeywell Intern., Inc.*, No. 09 CV 5874 (RPP), 2009 WL 2777076, at *1 (S.D.N.Y. Sept. 1, 2009), it need only determine whether good cause exists given the circumstances, including the nature of the claims and the defenses.

Moreover, Plaintiffs' stated intention of serving discovery on the President, ECF No. 87 at 2, exemplifies the separation of powers issues that may be implicated and that can only be

addressed once the contours of this case are established following a decision on the Motion to Dismiss. *See U.S. Doge Serv. v. Citizens for Responsibility & Ethics in Washington*, 145 S. Ct. 1981 (2025). Plaintiffs have no meaningful rebuttal to these concerns—they instead, repeat that they should be permitted to take discovery from TMTG. *See* ECF No. 87 at 6. But even if discovery on TMTG would not present the same separation-of-powers concerns, Plaintiffs still fail to justify their argument that any discovery—even discovery directed at TMTG—is warranted in service of their meritless claims. *See* ECF No. 87 at 7.

This is especially true because Plaintiffs' prejudice claims are unavailing. Plaintiffs first raise boilerplate spoliation arguments that do not move the needle. ECF No. 87 at 7. Then, Plaintiffs claim that discovery is necessary because they "continue to be irreparably harmed by Defendants' conduct," *id.*, but discovery is not the medium to address such purported harms. Plaintiffs' request for a preliminary injunction is pending, and they cannot recycle the basis for that motion as a reason for discovery to begin. *See Del Mar TIC I, LLC v. Bancorp Bank*, No. 1:23-CV-08999 (JLR), 2024 WL 1348501, at *2 (S.D.N.Y. Mar. 29, 2024) ("Particularly in light of the relatively short and active history of this case, the Court does not believe that a slight delay in discovery pending the outcome of Defendant's motion to dismiss the entire complaint will significantly prejudice Plaintiffs.").

For all the foregoing reasons, Defendants respectfully request that the Court delay issuance of a scheduling order while Defendants' Motion to Dismiss is pending. In the alternative, Defendants request that the Court stay discovery pending resolution of Defendants' Motion to Dismiss.

Dated: November 12, 2026

Respectfully submitted,

JONATHAN D. GUYNN
Acting Assistant Attorney General
Civil Division

BRANTLEY T. MAYERS
Counsel to the Assistant Attorney General

NOAH T. KATZEN
Assistant Branch Director
Federal Programs Branch

*/s/ Heidy L. Gonzalez*
HEIDY L. GONZALEZ
*Trial Attorney*
U.S. Department of Justice,
Civil Division, Federal Programs
1100 L Street, N.W.
Washington, DC 20005
Tel: (202) 598-7409
Email: heidy.gonzalez@usdoj.gov
FL Bar No. 1025003

*Attorney for Defendants*