UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THE INTERCEPT MEDIA, INC., *et al.*,
Plaintiffs,

-v-

DONALD J. TRUMP, *et al.*,
Defendants.

26-CV-6867 (JPO)

ORDER

J. PAUL OETKEN, District Judge:

Plaintiffs The Intercept Media, Inc. and Freedom of the Press Foundation (together, "Plaintiffs") bring this action against President Donald J. Trump, Natalie Harp, Daniel Scavino, the Executive Office of the President, and the White House Office (collectively, "Defendants"), asserting claims for constitutional violations arising from the implementation of Truth Social API. (*See generally* ECF No. 1.) On August 31, 2026, Plaintiffs filed a motion for preliminary injunction. (ECF No. 36.) On September 29, 2026, Trump Media & Technology Group Corporation ("Trump Media") filed an amicus brief in opposition to Plaintiffs' motion for preliminary injunction (ECF No. 61-1), as well as a declaration with factual assertions in support of its amicus brief (ECF No. 62). On October 30, 2026, Defendants filed a motion to dismiss the complaint. (ECF No. 85.) Both motions remain pending.

Now before the Court are Plaintiffs' letter motion for a scheduling conference and Defendants' motion to delay issuance of a scheduling order and to stay discovery. (*See* ECF Nos. 83, 86.) The Court held a telephone conference on these matters on November 19, 2026.

To resolve these motions, the Court must determine whether good cause exists to delay the issuance of a scheduling order, as well as whether good cause exists to stay discovery. *See* Fed R. Civ. P. 16(b), 26(c). In conducting this inquiry, the Court has considered several factors,

including "(1) whether a defendant has made a strong showing that the plaintiff's claim is unmeritorious, (2) the breadth of discovery and the burden of responding to it, and (3) the risk of unfair prejudice to the party opposing the stay." *Alapaha View Ltd. v. Prodigy Network, LLC*, No. 20-CV-7572, 2021 WL 1893316, at *2 (S.D.N.Y. May 10, 2021).

Having considered these factors, along with the parties' letter briefing on the discovery issues, the briefing on Plaintiffs' motion for preliminary injunction and Defendants' motion to dismiss, and the arguments of counsel at the November 19 conference, the Court concludes that limited third-party discovery as to Trump Media is warranted.

Accordingly, the Court hereby ORDERS that an initial phase of limited discovery shall commence at this time with a deadline of January 29, 2027. Specifically, Plaintiffs may seek discovery from Trump Media with respect to: (1) the operation of Truth Social API, including but not limited to the marginal speed advantage and archival access obtained by subscribers; (2) the uptake in membership of Truth Social API by other media companies; and (3) communications between Trump Media and Defendants. This third-party discovery may be obtained via corporate representative depositions under Federal Rule of Civil Procedure 30(b)(6), as well as third-party subpoenas.

The Clerk of Court is directed to close the motions at Docket Numbers 83 and 86.

SO ORDERED.

Dated: November 24, 2026
New York, New York

J. PAUL OETKEN
United States District Judge